[959 NYS2d 920]

In the Matter of Neal H. Sultzer, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, March 6, 2013

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Sarah Diane McShea*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent is currently the subject of a disciplinary proceeding wherein it is alleged that he engaged in professional misconduct by participating in real estate transactions on behalf of a client when he knew the client was engaging in illegal or fraudulent conduct.

The respondent has submitted an affidavit of resignation, dated July 30, 2012, wherein he avers that he would not be able to successfully defend himself on the merits against the charges of professional misconduct alleged against him in the pending disciplinary proceeding.

The respondent further acknowledges that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for a minimum period of seven years.

Additionally, the respondent avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He further acknowledges the continuing jurisdiction of the Court to make such an order pursuant to Judiciary Law § 90 (6-a) (d), which could be entered as a civil judgment against him, and specifically waives the opportunity to be heard in opposition thereto pursuant to Judiciary Law § 90 (6-a) (f).

Finally, the respondent acknowledges that, pending the acceptance of his resignation by this Court, he cannot take on any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than the payment of funds held therein on behalf of clients or others entitled to receive those funds.

The Grievance Committee recommends acceptance of the respondent's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding authorized by order of this Court dated August 10, 2010 is discontinued in light of the respondent's resignation.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the resignation of Neal H. Sultzer is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Neal H. Sultzer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Neal H. Sultzer shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Neal H. Sultzer is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Neal H. Sultzer has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated August 10, 2010 is discontinued.